IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE IMPRELIS® HERBICIDE MARKETING )
SALES PRACTICES AND PRODUCTS ) Civ. No. 11-624-SLR
LIABILITY LITIGATION )

**MEMORANDUM ORDER**

At Wilmington this 5th day of October, 2011, having reviewed plaintiffs'[1] motion for entry of a mandatory preliminary injunction requiring notice of protocol for evidence preservation (and the papers filed in connection therewith), and having heard oral argument on same;

IT IS ORDERED that said motion (D.I. 17) is denied, for the reasons that follow:

1. **Background facts.** On October 4, 2010, defendant E.I. duPont de Nemours and Company ("defendant") began selling Imprelis®, a selective herbicide product that was intended to kill unwanted weeds while leaving other plant materials unharmed. Consistent with an order of the U.S. Environmental Protection Agency (Region III) requiring defendant to cease the sale, use and removal of Imprelis®, defendant implemented a suspension of sale of Imprelis® in July 2011. (D.I. 19, exs. C, D) Defendant thereafter has taken remedial measures to alleviate the harm caused by Imprelis®, including a product return and refund program. (D.I. 27, exs. A, C, D, E, F)

2. On July 14, 2011, plaintiffs filed the instant federal class action "on behalf of purchasers and users" of Imprelis®, claiming damages "from tree deaths from coast to coast." (D.I. 1 at ¶ 2) More specifically, plaintiffs claim that, after Imprelis® was

---

[1] Plaintiffs include Washtenaw Acquisition, LLC, Polo Fields East, LLC, and The Polo Fields Golf & Country Club, LLC. (D.I. 1 at ¶¶ 3-5)

applied, "[t]he trees affected by Imprelis® became unsightly and many died, adversely affecting the property and plaintiffs' enjoyment of their property as well as diminishing its value." (*Id.* at ¶ 18) Plaintiffs bring causes of action on behalf of the "national class" for consumer fraud and unjust enrichment.

3. On August 23, 2011, plaintiffs filed the motion in dispute, in which they seek to have defendant adopt and distribute[2] a proposed protocol "to preserve evidence of Imprelis®-related injury" ("the Proposed Protocol"). (D.I. 19, ex. B) In the Proposed Protocol, plaintiffs direct consumers to: "(1) document the injuries to your trees; (2) document the history of Imprelis® application; (3) preserve soil and foliage samples; and, if you are removing any trees, (4) document the species, size, and function of those trees." (*Id.*) Included among the materials submitted by plaintiffs are several affidavits which support the proposition that, "[b]ecause of the unsightly appearance of injured or dead trees on their properties, property owners may unwittingly dispose of evidence that may be relevant to proving a claim for Imprelis-related damages by cutting and removing the injured vegetation." (*See, e.g., id.* at exs. N and P, ¶ 4)

4. Defendant opposes the relief sought, arguing generally that, because there are numerous overlapping and competing putative class actions and individual actions that have been filed in other jurisdictions by different putative class counsel and individual counsel, "it is entirely appropriate – not abusive or misleading – for DuPont to

---

[2]Plaintiffs have since argued that, in the alternative, they would distribute the Proposed Protocol if defendant were willing to (or ordered to) give plaintiffs exclusive access to defendant's customer list. According to defendant, its "list of customers who purchased Imprelis® is a trade secret which DuPont makes efforts to keep confidential. *See Livewire Publishing, Inc. v. Best Software, Inc.*, 252 F. Supp.2d 74, 85 (D. Del. 2003)." (D.I. 27 at 15)

2

decline to tell unrepresented persons what one group of lawyers think they should preserve." (D.I. 27 at 11) In further support of its position, defendant notes that plaintiffs have not cited any case where such relief has been sought, let alone granted.

5. **Standard of review.** Traditional rules of equity apply to requests for injunctive relief. *See eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The moving party for injunctive relief must establish: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Id.* (citation omitted). The burden lies with the movant to establish every element in its favor or the grant of a preliminary injunction is inappropriate. *See P.C. Yonkers, Inc. v. Celebrations, the Party and Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005). If either or both of the fundamental requirements – likelihood of success on the merits and probability of irreparable harm if relief is not granted – are absent, an injunction cannot issue. *See McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.*, 24 F.3d 519, 523 (3d Cir. 1994). "The decision to grant or deny . . . injunctive relief is an act of equitable discretion by the district court." *Id.* The grant of a preliminary injunction is considered an "extraordinary remedy" that should be granted only in "limited circumstances." *See Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted).

6. **Analysis.** Plaintiffs argue that they have satisfied the four-part test for injunctive relief. First, they argue that they are likely to succeed on the merits of the litigation, that is, likely to prove "that Imprelis® has caused injury or death to tens of

3

thousands of valuable trees and has contaminated soil" without adequate warnings by defendant of such damage. Second, they argue that they will suffer irreparable harm if evidence of their injuries is not preserved. Third, according to plaintiffs, defendant will not be harmed by either distributing the protocol or making available their customer lists so that plaintiffs can distribute the protocol to putative class members. Finally, plaintiffs argue that no public interest exists contrary to dissemination of the Proposed Protocol. (D.I. 18 at 5)

7. The court declines to grant plaintiffs their requested relief. In the first instance, the ultimate relief sought by plaintiffs in this case (money damages for lost or injured trees) is not identical to the temporary relief requested (directing advice to putative class members about preserving evidence). Preliminary injunctions "may never be granted that address matters which in no circumstances can be dealt with in any final injunction that may be entered." *In re Microsoft Corporation Antitrust Litigation*, 333 F.3d 517, 525 (4th Cir. 2003) (quotations omitted); *cf. Rochester Drug Co-Operative v. Braintree Laboratories*, Civ. No. 07-142, 2011 WL 2669208 at *6 (D. Del. July 7, 2011). Indeed, plaintiffs characterize their "irreparable harm" as the destruction of evidence they need to prove monetary damages, not any protection they need from being further harmed by the illegality alleged in the complaint. Moreover, plaintiffs admit that they are not "seeking relief akin to that which they would be entitled only after prevailing in litigation." (D.I. 18 at 4) Therefore, plaintiffs have failed to demonstrate that the identified harm is that which can be addressed by a preliminary injunction.

4

8. The court further concludes that there are public interests that strongly weigh against dissemination of the Proposed Protocol at this time in this case. As noted above, a class has not yet been certified, lead counsel has not yet been approved, there are numerous other putative class actions pending in other jurisdictions and no decision has yet been made as to which court the multi-district litigation[2] will be assigned for pretrial proceedings. The distribution of the Proposed Protocol to as yet unrepresented members of the putative class by order of the court, whether the distribution is by defendant or by ordering defendant to disclose its customer list to plaintiffs' counsel, inappropriately marks plaintiffs' counsel as having the court's imprimatur for the legal advice contained therein.[3]

9. **Conclusion.** For all of these reasons, the court will exercise its discretion by

---

[2] See In re Imprelis Herbicide Marketing and Sales Practices Litigation (MDL 2284).

[3] The court is also concerned about its interfering in the competition between defendant's remediation and plaintiffs' litigation.

exercising restraint in ordering such extraordinary relief.[4]

                                                            _____
                                                                        United States District Judge

---

[4] As a final note, the court is mindful that, when dealing with living things, whether it be the soil or plant materials, the "evidence" of harm is transient. However, the class action process is intended to address the prospect that not all class members will be able to prove their damages with the same quality of evidence. See, gen., Bigelow v. RKO Radio Pictures, 327 U.S. 251, 264 (1946) (while juries may not render a verdict based on "speculation or guesswork," they are "allowed to act on probable and inferential as well as upon direct and positive proof" of damages) (internal citation and quotation omitted); In re Neurontin Antitrust Litig., Civ. Nos. 02-1830, 02-2731, MDL No. 1479, 2011 WL 286118, *10 (D.N.J. 2011) (collecting authority approving of the use of an aggregate approach to measuring class-wide damages). For this reason as well, the court does not find compelling the opinions of plaintiffs' experts submitted in support of the request for injunctive relief.